IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW ROBERT DESCAMPS, | : | CIVIL NO. 3:CV-14-1773 |
| | : | |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WARDEN DAVID EBBERT, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Matthew Robert Descamps ("petitioner"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

I. **Background**

Petitioner contends that he was unlawfully re-sentenced by the United States District Court for the Eastern District of Washington on March 21, 2014, in the matter of USA v. Descamps, 2:05-cr-00104-FVS, following remand from the United States Supreme Court. (Doc. 1, at 1-2). A review of the Eastern District of Washington docket sheet reveals that, on March 31, 2014, petitioner filed an appeal with the United States Court of Appeals for the

---

[1] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b)

Ninth Circuit, U.S.A. v. Descamps, Court of Appeals Docket # 14-30055. A briefing schedule has been set by the Ninth Circuit.

In addition to challenging his re-sentencing, petitioner raises a number of civil rights claims including, *inter alia*, conditions of confinement and inadequate medical care.

The instant petition was filed on September 8, 2014. (Doc. 1).

**II.    Discussion**

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

To the extent that Descamps does not seek speedier or immediate release from custody or challenge the legality of his present incarceration, a petition for writ of habeas corpus is not the appropriate vehicle. When seeking to impose liability due to the deprivation of

certain rights and privileges, the appropriate remedy is a civil rights action. Consequently, any and all civil rights claims contained within the petition will be dismissed without prejudice to any right Descamps may have to reassert his present claims in a properly filed civil rights complaint.

As concerns the issue of his re-sentencing, challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Nonetheless, petitioner is still in the process of pursuing his direct appeal. If a petitioner improperly challenges a federal conviction or sentence under section 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971). Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

                                                    BY THE COURT:

                                                    s/James M. Munley
                                                    **JUDGE JAMES M. MUNLEY**
                                                    **United States District Court**

Dated: October 22, 2014